**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case no. 20-17251 |
| | ) | |
| Jovon Swanagain, Debtor | ) | Hon. Timothy Barnes |
| and Marilyn O. Marshall, Trustee | ) | |
| | ) | Chapter 13 |

**NOTICE OF MOTION**

| | | | |
|---|---|---|---|
| To: | Geraci Law, LLC | Marilyn O. Marshall | Jovon Swanagain |
| | Attn: Dale Riley | 224 S. Michigan, #800 | 5600 S. Wolcott Ave |
| | 55 E. Monroe #3400 | Chicago, IL. 60604 | Apt #2 |
| | Chicago IL  60603 | | Chicago IL. 60636 |

PLEASE TAKE NOTICE that on March 18, 2021 at 1:30 pm, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Timothy Barnes, or any other judge sitting in his stead, and present the MOTION FOR RELIEF FROM AUTOMATIC STAY, a copy of which is attached hereto and is herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID.

**Meeting ID and password.** The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and further information can also be found on Judge Barne's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

        PRONTO FINANCE

        By: /s Elizabeth S. Gabis
        Elizabeth S. Gabis
        Attorney for Pronto Finance

ELIZABETH S GABIS
ESG LEGAL, LLC
505 W. Grand Ave, #2
Elmhurst IL  60126
(847) 917-2920
liz@esglegal.com
Attorney Number 6239359

### CERTIFICATE OF SERVICE

I, Elizabeth S. Gabis, an attorney, certify that I served a copy of the foregoing MOTION FOR RELIEF FROM AUTOMATIC STAY to the Debtor by US Mail and to all other parties by electronic notice through the ECF/CM system on March 11, 2021.

        /s/ Elizabeth S. Gabis
        Elizabeth S. Gabis

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case no. 20-17251 |
| | ) | |
| Jovon Swanagain, Debtor | ) | Hon. Timothy Barnes |
| And Marilyn O. Marshall, Trustee | ) | |
| | ) | Chapter 13 |

**MOTION OF PRONTO FINANCE FOR RELIEF FROM AUTOMATIC STAY**

Secured Creditor, Pronto Finance ("Pronto"), respectfully requests this Court, pursuant to Section 1301(c) of the Bankruptcy Code, 11 USC §1301, and such other Sections and Rules as may apply, to enter an Order for relief from the automatic stay. In support thereof, Pronto states as follows:

1. Jurisdiction and venue are proper in this cause of action pursuant to 28 USC §§ 151, 157, 1334 and 1472.

2. On September 17, 2020, Jovon Swanagain ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code.

3. Marilyn O. Marshall is the appointed Chapter 13 Trustee and is included as a party in this motion solely in the capacity of Trustee.

4. Pronto is a secured creditor of the Debtor with respect to a debt secured by a lien upon a 2013 Chevrolet Malibu, VIN ending in 150326 ("Vehicle"). See **Exhibit A**, Title and **Exhibit B**, Contract dated May 10, 2018.

5. On September 19, 2020, Pronto's counsel, Elizabeth S. Gabis, received a BNC email Notice of Filing of the Debtor's Chapter 13 Bankrupcty Case (See **Group Exhibit C**, BNC email dated 9/19/20 with corresponding docket entry #9 and its certificate of service). The notice indicates that the creditor's meeting was to be held on October 13, 2020, and that the confirmation hearing was to be held on November 5, 2020 and that the deadline for filing a proof of claim was November 27, 2020. However, a copy of the Debtor's Chapter 13 plan was not included with the notice.

3

6. Pursuant to Federal Rule of Bankruptcy 3015(d), "If the plan is not included with the notice of the hearing on confirmation mailed under Rule 2002, the debtor shall serve the plan on the trustee and all creditors when it is filed with the court".  However, the docket does not contain a certificate of service for the plan, just a certificate of service for the notice.

7. Even though Pronto had not yet received a plan, Pronto filed a proof of claim on October 2, 2020 so it would not miss the deadline.  On October 2, 2020, Pronto's counsel emailed Debtor's counsel, using the email provided in the Notice of Filing, to discuss curing the default and the need for vehicle insurance.  Pronto's counsel sent follow up emails to Debtor's counsel on October 9, 2020, December 2, 2020, January 15, 2021, and again on February 9, 2021.  In addition to the many emails, Pronto's counsel called the phone number provided in the Notice of Filing and left messages.  The messages left by Pronto's counsel were never answered by Debtor's counsel.  (**See Group Exhibit D,** Emails to debtor's counsel).

8. Unbeknownst to Pronto, the creditor's meeting was continued once and the confirmation hearing was continued twice.  **See Exhibit E**, Docket Report.  Both Pronto and Pronto's Counsel did not receive any of these continuance notices.

9. Pronto, however, did receive Trustee Marshall's Motion to Dismiss Debtor's Chapter 13 petition for unreasonable delay and the motion was scheduled to be heard on January 14, 2021. Unbeknownst to Pronto, the motion to dismiss was withdrawn and a confirmation meeting was instead heard and Debtor's Chapter 13 plan was confirmed.

10. Pronto would have made a timely objection to the plan had it been given an opportunity to review the plan and object accordingly.  However, both Pronto and Pronto's counsel were never served with the Debtor's Chapter 13 Plan before confirmation, either by US mail or by BNC electronic mail.  Pronto had also not been notified of the two rescheduled confirmation hearings.

11. Although Pronto had filed a proof of claim, Pronto was under the impression that the case was getting dismissed since it had not heard back from debtor's counsel and the trustee had scheduled a motion to dismiss for unreasonable delay.

12. Debtor's loan is in default under the terms of the Contract for failing to maintain insurance protecting the Vehicle and naming Pronto as the lienholder and loss payee, thereby impairing the value of Pronto's collateral. Debtor's loan is also in default under the terms of the Contract for past due payments owed to Pronto since September, 2020, in the amount of $1,479.71.

13. As a result of Debtor's insurance default and pre-petition monetary default, pursuant to the terms of the Contract, Pronto is entitled to accelerate the total outstanding balance of the Contract. The balance as of the date of the confirmation is $6,497.49, and Pronto has amended its proof of claim against Debtor to reflect this amount.

14. Debtor's Schedule D states that the Vehicle has 163,000 miles and states that the vehicle's value is $3900. However, according to present market values, the current estimated value of the Vehicle is closer to $5,093. See **Exhibit F**, Kelly Blue Book value. Accordingly, Debtor has no equity in the vehicle.

15. Pursuant to the default terms of the contract, Pronto is entitled to liquidate the Vehicle and apply the proceeds to the amount of the debt.

16. The plan filed by Debtor does not propose to pay Pronto's claim and Pronto is not receiving sufficient adequate protection for its uninsured secured interest or depreciating value. Pronto will suffer irreparable injury, harm, and damage by the continuation of the stay imposed by 11 USC § 1301.

17. Consequently, Pronto requests that Debtor be required to assemble, if necessary, and deliver the Vehicle to Pronto, and that the provisions of Bankruptcy Rule 4001(a)(3) not apply to the relief sought by Pronto in this motion. Alternatively, in light of the noticing errors, Pronto would consider reviewing a reasonable modification of the terms of Debtor's Chapter 13 plan as it relates to the Vehicle, if the Court would entertain allowing the plan to be modified for cause.

WHEREFORE, Pronto Finance asks this Court to enter an Order granting relief from the automatic stay imposed by 11 USC § 362 and permitting Pronto to repossess and/or sell the vehicle described herein and apply the proceeds to the debt.

Respectfully Submitted,

PRONTO FINANCE

By:/s Elizabeth S. Gabis
Elizabeth S. Gabis
ESG LEGAL, LLC
505 W. Grand Ave, #2
Elmhurst IL  60126
(847)917-2920
liz@esglegal.com